Jennifer Lerma
4874 East 13th Street
Tucson, Arizona 85711
(520) 795-9095
Self-Representation

FILED ✓   Lodged ___
RECEIVED ___   COPY
AUG - 4 2020
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# United States District Court
# In and for the District of Arizona

JENNIFER LERMA;

Plaintiff,

vs.

(1) BARACK HUSSEIN OBAMA II, *individually and/or under the color of law;*
(2) HILLARY DIANE RODHAM CLINTON, *individually and/or under the color of law;*
(3) JOSEPH ROBINETTE BIDEN JR., *individually and/or under the color of law;*
(4) JOHN OWEN BRENNAN, *individually and/or under the color of law;*
(5) SAMANTHA POWERS, *individually and/or under the color of law;*
(6) SUSAN RICE, *individually and/or under the color of law;*
(7) JAMES COMEY, *individually and or under the color of law;*
(8-100) John & Jane Does 12-100, *individually and/or under the color of law*
(100-110) ABC Federal Agencies;

Civil Action No.:

## COMPLAINT

1. Fed. Quest.: *Bivens Act*
2. Fed. Quest.: *Other Civil Rights*
3. Fed. Quest.: *Violation of Due Process*
4. Fed. Quest.: *Violation of Constitutional Rights*
5. Fed. Quest.: *Violation of 5th & 14th*
6. Fed. Quest.: *Tort Action*
7. Fed Tort Claims Act: *Liability of US*
8. Violation of Due Process & Equal Protection
9. Wiretapping-*Injunctive Relief or Civil Fine*
10. Civil Damages for Interception Wire or Oral Communication
11. 42 U.S.C. § 1983

## JURY TRIAL DEMANDED

PAGE 1 OF 17

*E:\Complaint[080420].docx*

(110-200) ABC Corporations;

Defendants.

COME NOW, JENNIFER LERMA, (hereinafter "PLAINTIFF"), PLAINTIFF, on behalf of herself, alleges and complains as follows:

## JURISDICTION AND VENUE

1. This is a civil action brought pursuant to the *Federal Tort Claims Act, Violation of Due Process and Equal Protection*, and *Bivens*. (*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971))*. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201. 28 U. S. C. § 1343

2. Jurisdiction is properly vested in this Court pursuant to 28 USC § 1331 over causes of action arising under the US Constitution. PLAINTIFF's constitutional rights were violated by Defendants under the 1st, 4th, 5th, 6th, 9th, and 14th Amendments of the US Constitution.

3. Jurisdiction is properly vested in this Court pursuant to 28 USC § 1367 regarding state law claims.

4. The actions and non-actions of DEFENDANTS and/or policies of DEFENDANTS, deprived PLAINTIFF of the rights afforded under the United States Constitution and the Arizona Constitution. This is an action for damages against the DEFENDANTS, who conspired and acted in concert to deprive PLAINTIFF of her rights.

5. DEFENDANTS actions injured PLAINTIFF and that some or all of these wrongs flowed from conspiracy or conspiracies among the DEFENDANTS, who shared a wrongful 'meeting of the minds' in the illicit official desire to deprive Plaintiff of

PAGE 2 OF 17

*E:\Complaint[080420].docx*

her rights afforded under the Constitution to further a scheme to overthrow the incoming President of the United States.

6. Plaintiff reserves the right to supplement complaint to include unknown causes, allegation, etc. upon discovery.

7. Jurisdiction is properly vested in this Court pursuant to 28 USC § 1331 over causes of action arising under the US Constitution and DEFENDANTS reside in different states. The amount in controversy exceeds $75,000 (28 USC § 1332)

8. Mandamus Jurisdiction Section 1361 Title 28 confers on the district courts "jurisdiction of any action in the nature of mandamus to compel" a federal officer, employee or agency "to perform a duty owed to the plaintiff".

### I.   JURY TRIAL

9. PLAINTIFF requests a Jury Trial

### II.   PARTIES-PLAINTIFFS

10. At all times relevant to this complaint, PLAINTIFF was a resident of the State of Arizona and a citizen of the United States by birth.

### III.   PARTIES-DEFENDANTS

11. Defendant Barack Hussein Obama II served as the 44th President of the United States. Obama is being sued individually and/or in his official capacity and/or under the color of law. Obama resides in Washington DC.

12. Defendant Hillary Diane Rodham Clinton served as the Secretary of State of the United States. Clinton is being sued individually and/or in her official capacity and/or under the color of law.

PAGE 3 OF 17

E:\Complaint[080420].docx

13. Defendant Joseph Robinette Biden, Jr. served as the Vice President of the United States. Biden is being sued individually and/or in his official capacity and/or under the color of law. Biden is a resident of Delaware.

14. Defendant John Owen Brennan served as the Director of the Central Intelligence Agency. Brennan is being sued individually and/or in his official capacity and/or under the color of law.

15. Defendant Susan Rice is being sued individually and/or in her official capacity and/or under the color of law.

16. Defendant Samantha Powers is being sued individually and/or in her official capacity and/or under the color of law.

17. Defendant James Comey served as the Director of the Federal Bureau of Investigation.Comey is being sued individually and/or in his official capacity and/or under the color of law.

18. Upon information and belief, DEFENDANTS were/are employed by the United States Government and are/were employees and/or in an agency relationship of the other DEFENDANTS acting within the scope of their employment, and/or individually and/or under the color of law. As a result of the intentional acts and conduct of DEFENDANTS, PLAINTIFF sustained significant damages.

19. DEFENDANTS caused damages to PLAINTIFF when they were employed/elected federal officials.

20. PLAINTIFF reserves the right to include additional persons when their identities are discovered.

## IV.   FACTS

21. DEFENDANTS all conspired with each other to remove President, Donald Trump, from office.

PAGE 4 OF 17

E:\Complaint[080420].docx

22. DEFENDANTS all conspired with each other to frame PLAINTIFF for their illegal acts.
23. DEFENDANTS conspiracy consisted of falsifying evidence to make it appear that the President of the United States was conspiring with Russia.
24. DEFENDANTS attempted to obtain evidence to surveil the aides of President Trump using federal intelligence agencies.
25. DEFENDANTS unmasked the identity of PLAINTIFF.
26. DEFENDANTS were all aware that the telephone and communications they were targeting were not connected to the President, the country of Russia, the country of Ukraine, or anything else remotely political. DEFENDANTS knew or made no attempt to verify that the communications were not connected to any member of the Trump Campaign.
27. DEFENDANTS are all high-level government officials and/or lawyers who are familiar with the importance of reliable evidence. DEFENDANTS conspired with news outlets to publish false news to promote Russian collusion by the President.
28. DEFENDANTS used the evidence they knew was fabricated to initiate the Mueller Investigation.
29. DEFENDANTS were attempting to remove the President because they are/were fearful that their own misconduct would be brought to light regarding election fraud, bribery in Ukraine, and other Obama/Clinton era scandals.
30. DEFENDANTS intercepted my email communications and falsified evidence to make it appear that I was providing them information.
31. DEFENDANTs are trying to frame me for being a sub-source for the Steele Dossier.
32. All DEFENDANTS have violated my constitutional rights on a daily basis by their actions or inactions.

E:\Complaint[080420].docx

33. All DEFENDANTS have disregarded the Constitution and have put their own greed over every American citizen they were elected/appointed to represent. All DEFENDANTS have sold out their country and thrown all American citizens under the bus.
34. DEFENDANTS began this scheme in July of 2016 but PLAINTIFF was not aware of the scheme and began uncovering the responsible parties involved in late 2019.
35. DEFENDANTS allowed this scheme to continue, despite knowing that their actions and inactions would continue to violate PLAINTIFF's constitutional rights.
36. DEFENDANTS used PLAINTIFF as a basis to obtain FISA warrants against Trump aides knowing the information was not true and/or unverified.
37. DEFENDANTS knew the phone they were targeting was not MICHAEL FLYNN'S phone or anyone connected to the Trump Administration.
38. DEFENDANTS are desperate to keep their misconduct undiscovered and have gone to great lengths to do so. DEFEDANTS continue to concoct and promote false media, including but not limited to the coronavirus, in an attempt to divide our country.
39. DEFENDANTS
40. PLAINTIFF lives every day in fear from DEFENDANTS.
41. PLAINTIFF refers to all above named DEFENDANTS collectively as "DEFENDANTS".

**DUTY**

42. Defendants had a duty to PLAINTIFF to act with ordinary care and prudence and to not cause harm or injury to PLAINITFF.
43. Defendants acted intentionally to cause personal injury, infliction of emotional distress, mental anxiety, disruption of lifestyle, loss of enjoyment of life, and physical and psychological injuries,

44. Under subsection 702(b) of the FISA Amendments Act, such an acquisition is also subject to several limitations. Specifically, an acquisition:
    a. May not intentionally target any person known at the time of acquisition to be located in the United States;
    b. May not intentionally target a person reasonably believed to be located outside the United States if the purpose of such acquisition is to target a particular, known person reasonably believed to be in the United States;
    c. May not intentionally target a U.S. person reasonably believed to be located outside the United States;
    d. May not intentionally acquire any communication as to which the sender and all intended recipients are known at the time of the acquisition to be located in the United States;
    e. Must be conducted in a manner consistent with the Fourth Amendment to the United States Constitution.
45. Congress enacted FISA after the US Supreme Court held, in United States v. United States District Court for the Eastern District of Michigan, 407 U.S. 297 (1972), that the Fourth Amendment does not permit warrantless surveillance in intelligence investigations of domestic security threats.
46. Congress intended FISA (together with Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq., which governs electronic surveillance conducted for law enforcement purposes) to supply the "exclusive means by which the executive branch could lawfully engage in electronic surveillance within the country's borders. 18 U.S.C. § 2511(2)(f). In enacting FISA, Congress expressly prohibited electronic surveillance "except as authorized by statute," 50 U.S.C. § 1809(a)(1), and it specified civil and criminal penalties for

electronic surveillance undertaken without statutory authority, 50 U.S.C. §§ 1809 & 1810.

47. In anticipation of the Protect America Act's expiration, the administration lobbied Congress for permanent changes to FISA. President Bush signed the FISA Amendments Act into law on July 10, 2008. Like the Protect America Act, the FISA Amendments Act provides legislative sanction for the warrantless surveillance of U.S. citizens' and residents' communications. It also provides immunity to telecommunications corporations that facilitated the Program

48. All federal agencies and government officials are required to uphold the rights of all individuals and citizens protected under the U.S. Constitution.

49. All investigations are required to be consistent with the Constitution and laws of the United States of America, to protect the United States and its people from victimization by all crimes in violation of federal law. It is axiomatic that federal agencies and governmental officials conduct investigations and other activities in a lawful and reasonable manner that respects liberty and privacy and avoids unnecessary intrusion into lives.

50. <u>First Amendment</u>: and to petition the Government for a redress of grievances

51. <u>Fourth Amendment</u>: The right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

52. <u>Fifth Amendment</u>. No person shall be deprived of life, liberty, or property without due process of law; nor shall private property be taken for public use without just compensation.

53. <u>Sixth Amendment</u> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed; and to be informed of the nature and cause of the accusation; to be confronted with witnesses against him, to have compulsory process for obtaining witnesses in his favor and to have the assistance of counsel for his defense.

54. <u>Ninth Amendment</u> The enumeration in the Constitution of certain rights shall not be construed to deny or spare others retained by the people.

55. <u>Fourteenth Amendment</u>: No state shall make or enforce any law which shall abridge the privileges or immunized of citizens of the United States nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

56. DEFENDANTS should not be allowed to hide under the secret veil that is provided under any act, statute, code because under no circumstances should any officer be allowed to act with complete disregard to the rights of PLAINTIFF to further a conspiracy to remove the President and conceal their wrongdoings.

57. **USE OF AUTHORITIES AND METHODS 3. Respect for Legal Rights** All activities under these Guidelines must have a valid purpose consistent with these Guidelines and must be carried out in conformity with the Constitution and all applicable statutes, executive orders, Department of Justice regulations and policies, and Attorney General guidelines. These Guidelines do not authorize investigating or collecting or maintaining information on United States persons solely for the purpose of monitoring activities protected by the First Amendment or the lawful exercise of other rights secured by the Constitution or laws of the United States. These Guidelines also do not authorize any conduct prohibited by the Guidance Regarding the Use of Race by Federal Law Enforcement Agencies.

58. **ARTICLE 2 SECTION 2 - POLITICAL POWER; PURPOSE OF GOVERNMENT**

    Political power; purpose of government

E:\Complaint[080420].docx

Section 2. All political power is inherent in the people, and governments derive their just powers from the consent of the governed and are established to protect and maintain individual rights.

59. **ARTICLE 2 SECTION 11 - ADMINISTRATION OF JUSTICE**

Section 11. Justice in all cases shall be administered openly, and without unnecessary delay.

<div style="text-align:center">

**FIRST CAUSE OF ACTION**
*(1) Violation of Constitutional Rights*
*(2) 1st Amendment; (3) 2nd Amendment; (4) 4th Amendment; (5) 5th Amendment; (6) 6th Amendment; (7) 9th Amendment; (8) 14th Amendment*

</div>

60. PLAINTIFF re-alleges all prior paragraphs of this complain and incorporate the same herein by this reference as if those paragraphs were set forth in full.

61. By these acts the defendants violated PLAINTIFFS constitutional rights.

62. The conduct was done in deliberate or reckless disregard of PLAINTIFFs Constitutional protected rights, justifying the award of exemplary damages against defendants in an amount to proof at the time of trial in order to deter defendants from engaging in similar conduct and to make an example by way of monetary punishment.

63. Under the 14th Amendment, limits the power of the government to interfere with people's affairs, property ownership and unreasonable control by the government,

64. DEFENDANTS committed wrongful acts which proximately caused the continued deprivation of liberty and property, which is protected under the United States Constitution.

> *Intrusion A claim for intrusion upon seclusion requires proof that the defendant "intentionally intrude[d], physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, . . . if the intrusion would be highly offensive to a reasonable person." Restatement § 652B; see also Hart, 190 Ariz. at 279-80*

## SECOND CAUSE OF ACTION
### (9) Loss of Consortium

65. PLAINTIFF re-allege all prior paragraphs of this complain and incorporate the same herein by this reference as if those paragraphs were set forth in full.

66. DEFENDANTS actions interfered with PLAINTIFFs marriage.

67. Defendants, acting under the color of law and/or individually, committed wrongful acts which proximately caused loss of consortium.

> *Consortium includes "love, affection, protection, support, services, companionship, care, society, and in the marital relationship, sexual relations." Frank, 150 Ariz. at 229 n. 1, 722 P.2d at 956 n. 1.*
>
> *The purpose of a consortium claim is to compensate for the loss of these elements, see Reben, 146 Ariz. at 311, 705 P.2d at 1362, which certainly can result from psychological injury as well as physical harm. Molien, 616 P.2d at 822.*
>
> *Clearly, a marriage may be damaged by emotional trauma. Since loss of consortium is no longer exclusively based on a depravation of services theory, we see no reason to require physical injury to one spouse before the other may bring a claim. Consortium includes "love, affection, protection, support, services, companionship, care, society, and in the marital relationship, sexual relations." Frank, 150 Ariz. at 229 n. 1, 722 P.2d at 956 n. 1. The purpose of a consortium claim is to compensate for the loss of these elements, see Reben, 146 Ariz. at 311, 705 P.2d at 1362, which certainly can result from psychological injury as well as physical harm. Molien, 616 P.2d at 822. Clearly, a marriage may be damaged by emotional trauma. Since loss of consortium is no longer exclusively based on a depravation of services theory, we see no reason to require physical injury to one spouse before the other may bring a claim*

## THIRD CAUSE OF ACTION
### (10) Emotional Distress

68. PLAINTIFF re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full.

69. The conduct resulted in the deprivation of PLAINTIFFs rights alleged above, which has legally, proximately, foreseeably and actually caused PLAINTIFF to suffer emotional distress, pain and suffering, and further special damages to according to proof at the time of trial.

70. As a direct and foreseeable result, PLAINTIFF suffered severe emotional distress at the outrageous conduct of DEFENDANTS. DEFENDANTS were the cause of the emotional distress suffered by PLAINTIFF.

## FOURTH CAUSE OF ACTION
### (11) Malicious Prosecution (12) Unlawful Imprisonment

71. PLAINTIFFS re-alleges all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full.

72. DEFENDANTS actions were malicious and in total disregard to constitutional rights.

73. DEFENDANTS actions caused PLAINTIFF to be incarcerated.

## FIFTH CAUSE OF ACTION
### (13) Abuse of Process

74. PLAINTIFF re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full.

75. DEFENDANTS actions were abuse of process.

76. Actions of DEFENDANT caused damages to PLAINTIFF.

## SIXTH CAUSE OF ACTION
### (14) Violation of Constitutional Rights by Federal Officers
### (15) Deprivation of a Federal Right

77. PLAINTIFF re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full.

78. DEFENDANTS actions deprived PLAINTIFF of Constitutional rights.

79. Actions of DEFENDANT caused damages to PLAINTIFF.

E:\Complaint[080420].docx

## SEVENTH CAUSE OF ACTION
### (16) Fraud; (17) Falsification of Records; (18) Denial of Records; (19) Fraud upon the Court

80. PLAINTIFF re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full.

81. DEFENDANTS interfered with PLAINTIFF receiving accurate and true records. Their actions were done with malice and intended to cause harm to PLAINTIFF.

82. Actions of DEFENDANT caused damages to PLAINTIFF.

*Fraud on the court, which must be proved by clear and convincing evidence, occurs "[w]hen a party obtains a judgment by concealing material facts and suppressing the truth with the intent to mislead the court." Clark v. Kreamer, 243 Ariz. 272, 275, ¶ 13 (App. 2017).*

## EIGHTH CAUSE OF ACTION
### (20) Gross Negligence

83. PLAINTIFF re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full.

84. DEFENDANTS acts were grossly negligent.

85. These actions caused damages to PLAINTIFF.

## NINTH CAUSE OF ACTION
### (21) Procedural Due Process
### (22) Substantive Due Process

86. PLAINTIFF re-alleges all prior paragraphs of this complain and incorporates the same herein by this reference as if those paragraphs were set forth in full.

87. DEFENDANTS acts deprived PLAINTIFF of Procedural and Substantive Due Process.

88. These actions caused damages to PLAINTIFF.

### V.   CASE LAW

*42 USC 1983 Deprivation of any rights secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other*

*proper proceeding for redress, that actions were intentional, deprived in violation of underlying federal rights, deprived civil rights, etc. In relevant part that; 'every person who, under the color any statute, ordinance, regulation, custom, or usage, of any state, subject or causes to be subjected, any citizen or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured.*

*Thus it was stated in Twining v. New Jersey, 211 U.S. 78, 101, that due process requires that "no change in ancient procedure can be made which disregards those fundamental principles, to be ascertained from time to time by judicial action, which have relation to process of law and protect the citizen in his private right, and guard him against the arbitrary action of government*

*An act unjustly done by the countenance of an office, being grounded upon corruption, to which the office is as a shadow and color Plow, 64 Day v. National Bond and Investment Co., Mo. App., 99 S.W.2d 117, 119.*

*An action for damages brought by a person, against whom civil suit is against for maliciously and without probable cause. Beaurline v. Smith, Tex. Civ. App., 426 S.W.2d 295, 298.*

*No duty rests more imperatively upon the courts than the enforcement of those constitutional provisions intended to secure that equality of rights which is the foundation of free government [Gulf, C.& S. F. R. Co. v Ellis, 165 U.S. 150 (1897).*

*A judgment resulting from a fraud on the court may be set aside by motion or by an independent action. Cypress, 227 Ariz. at 299, ¶ 42, 257 P.3d at 1179. More specifically, we have held that a party may be entitled to equitable relief from a provision of a dissolution decree that is "procured by extrinsic fraud." Bates, 1 Ariz.App. at 168, 400 P.2d at 596 (when judgment is the product of extrinsic fraud, "equity will act to prevent a failure of justice, for fraud is the arch enemy of equity").*

*Party having superior knowledge who takes advantage of another's ignorance of the law to deceive him by studied concealment to misrepresentation can be held responsible for that conduct. Fina Supply, Inc. v. Abilene Nat. Bank, 726*

*sw. 2d 537,1987*

*Clear and convincing evidence is a "heightened standard of proof that indicates that the thing to be proved is highly probable or reasonably certain." Kent K. v. Bobby M., 210 Ariz. 279, 284-85, ¶ 25 (2005).*
*Abuse of process requires a willful act in the use of judicial process for an improper ulterior purpose. Crackel v. Allstate Ins. Co., 208 Ariz. 252, 257, ¶ 11 (App. 2004*

*Plaintiff alleging such a claim must show that the defendant abused "one or more specific judicially sanctioned processes" and that an "improper purpose was the primary motivation for [his] actions, not merely an incidental motivation." Id. at 257-59, ¶¶ 14, 18-19.*

*An agent acting—albeit unconstitutionally—in the name of the United States possesses a far greater capacity for harm than an individual trespasser exercising no authority other than his own. Cf. Amos v. United States, 255 U. S. 313, 317 (1921); United States v. Classic, 313 U. S. 299, 326 (1941).*

## VI. IMMUNITY

89. Qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)

90. Qualified immunity does not apply to DEFENDANTS. DEFENDANTS violated multiple constitutional rights. The rights were established at the time DEFENDANTS violated. It was clear to a reasonable officer the conduct was unlawful.

91. DEFENDANTS acts were conscience shocking and their state of mind intentional.

*He is under no necessity of guessing whether the statute applies to him (see Connally v. General Construction Co., 269 U.S. 385) for he either knows or*

*acts in reckless disregard of its prohibition of the deprivation of a defined constitutional or other federal right.*

## VII.   PRAYER FOR RELIEF

92. For compensatory, punitive, and exemplary damages in an amount to fully and fairly compensate for damages.

93. For legal costs and expenses.

94. For such other and further relief as the Court deems just and proper in the premise.

*Exemplary or punitive damages are those damages awarded in excess of full compensation to the victim in order to punish the wrongdoer and to deter others from emulating his conduct. Cassel v. Schacht, 140 Ariz. 495, 496, 683 P.2d 294, 295 (1984); Prosser & Keeton, The Law of Torts § 2 at 9 (5th ed. 1984); Dobbs, Handbook on the Law of Remedies § 3.9 at 204 (1973); Restatement (Second) of Torts § 908. Other rationales, besides punishment and deterrence, utilized as justification for punitive damages include preserving the peace, inducing private law enforcement, compensating victims for otherwise unrecoverable losses, and financing the costs of litigation. Ellis, Fairness and Efficiency in the Law of Punitive Damages, 56 So. Cal.L.Rev. 1, 3 (1982).*

*it is . . . well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." Bell v. Hood, 327 U. S., at 684*

*Once a right and a violation have been shown, the scope of a district court's equitable power to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies.  Swann v. Charlotte-Mecklenburg Bd of Educ., 402 U.S. 1 (1971)*

## VIII.   PRO SE LITIGANT

95. A court must liberally construe the filings of a pro se plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler, 627 F.3d 338, 342*

E:\Complaint[080420].docx

(9th Cir. 2010). "'Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."*Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016)

96. Under Federal Rules of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; ad (4) the complaint otherwise complies with the requirements of Rule 11.

97. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

RESPECTFULLY SUBMITTED this 4th day of August 2020.

_____
JENNIFER LERMA, Plaintiff
Self-Representation